UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| AMANDA MONTOYA AND DEANDRA MONTOYA, *Individually and as Assignees and Successors in Interest of Araceli Llanas Acosta as Representative of the Estate of Andrew Acosta, Deceased* Plaintiffs<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and JEFF B. FREY, Defendants | Civil Case No. 16-00005 (RCL) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Before the Court is plaintiffs' Motion to Remand, filed January 26, 2016 [ECF No. 7], defendant State Farm's Response [ECF No. 10], filed February 8, 2016, and plaintiffs' Reply [ECF No. 11], filed February 18, 2016. Having considered the motion, the response, the reply, and the applicable law, the Court denies the Motion to Remand.

### II. BACKGROUND

Amanda and Deandra Montoya ("the Montoyas") were both injured when Andrew Acosta lost control of his vehicle and collided with the Montoyas on December 8, 2007. Def.'s Notice of Removal [ECF No. 1]. In addition to the Montoyas' injuries, one passenger riding with Acosta was killed and two others were injured. Acosta himself died two days later. Pls.' Mot. to Remand [ECF No. 7]. At the time of the accident, Acosta was insured by a State Farm insurance policy issued in the amount of $25,000 per person and $50,000 per accident. *Id.* at 6. State Farm retained

1

defendant Jeff B. Frey, an attorney, to represent the Acosta estate in connection with claims arising out of the accident.

According to the Montoyas, Mr. Frey—representing the Acosta estate—told the Montoyas that *attorneys ad litem* would be appointed to victim-minors, including Deandra Montoya. Pls.' Orig. Pet. at 3. Mr. Frey also apparently told the Montoyas that there would be a hearing "to discuss and arrive at, with the assistance and direction of the Court, an equitable apportionment of the insurance proceeds." *Id.* A hearing was apparently scheduled in which all of the victims, including the Montoyas, would discuss settlement. For some reason the Montoyas' attorney was unable to attend. *Id.* The Montoyas claim Mr. Frey then settled with the injured passengers without the knowledge of the Montoyas. *Id.* Apparently, no *attorney ad litem* was appointed for Deandra Montoya, and State Farm did not settle with the Montoyas. *Id.* Instead, the Montoyas sued the Acosta estate in Bexar County, Texas and obtained a judgment for $542,933.67 on November 1, 2013. *Id.*; *see also* Def.'s Notice of Removal, Ex. 1 at p. 22.[1]

On November 24, 2015, the Montoyas entered into a Covenant not to Execute and Assignment of Interest with Araceli Acosta, individually and as the representative of the estate of Andrew Acosta. Pls.' Mot. To Remand, Ex. 1 at p. 14. In the agreement, Mrs. Acosta agreed to assign "any and all of their rights against 'State Farm', including but not limited to contractual and extra-contractual claims, damages, costs and expenses, arising out of the judgment and handling of the claims related to the [personal injury case]." *Id.* Six days later on November 30, 2015, the

---

[1] According to plaintiffs' original petition and the final judgment filed with defendant's Notice of Removal, the court rendered judgment for the amount of $542,933.67. For some reason, plaintiffs' Motion to Remand and the Covenant Not to Execute cites a slightly different total, claiming a judgment of $542,999.67. For the purposes of this opinion, the Court will adopt the total as stated in the original petition and Bexar County final judgment.

Montoyas filed their original petition in Bexar County, Texas against State Farm and Mr. Frey. Pls.' Orig. Pet.

The Montoyas—standing in the shoes of the Acostas—sued State Farm and Mr. Frey, asserting multiple common law and statutory causes of action. *See* Pls. Orig. Pet. at 6 ("Plaintiffs therefore have standing by way of their assignment of interest [by Acosta]."). Against Mr. Frey specifically,[2] the Montoyas claimed that "claims adjusters for State Farm were specifically required, pursuant to Texas Insurance Code § 541.060, to engage in fair and reasonable conduct in the handling, proceeding, and payment of claims." Pls.' Orig. Pet. at 5. The Montoyas appear to count Mr. Frey as a claims adjuster, claiming that State Farm hired Mr. Frey "to evaluate, negotiate, and/or finalize the multiple settlements arising out of the collision." *Id.* at 2. They claimed that the settlements finalized by State Farm and Mr. Frey "were unfair, unreasonable, and unfounded . . . [leaving the Acosta estate] unreasonably exposed for a judgment above and beyond the policy limits." *Id.* at 3. For violations of the Texas Insurance Code—which is also actionable under the Deceptive Trade Practices Act (DTPA)—the Montoyas sought to recover actual damages, mental anguish damages, attorney's fees, and additional trebal damages based on Mr. Frey's failure in settling with the Montoyas while representing the Acosta estate.

Defendant State Farm removed this case to federal court on the basis of diversity jurisdiction, arguing that Mr. Frey's Texas citizenship should be ignored because he was improperly joined to

---

[2] The Montoyas' original petition includes claims for breach of contract, breach of the duty of good faith and fair dealing, and insurance code violations. Pls.' Orig. Pet. However, the Montoyas only refer to "defendants" (plural) in alleging the insurance code violations. In alleging breach of contract and breach of duty of good faith and fair dealing, they seek recovery against a singular "defendant" based on the "insurance policy issued by the Defendant" and the fact that "Defendant denied payment under its policy." *Id.* at 5. This is a clear reference to State Farm, and not to Mr. Frey. In fact, a cause of action is never alleged against Mr. Frey specifically, and the Montoyas only refer to "defendants" (plural) when alleging violations of the Texas Insurance Code or Texas Deceptive Trade Practices Act (DTPA). Indeed, the only references to Mr. Frey are in the context of his role in negotiating the Acosta settlements. *Id.* Therefore, the Court finds that plaintiffs' only causes of action against Mr. Frey are for deceptive practices under the Insurance Code and DTPA. The Court limits its analysis accordingly.

defeat diversity. Def.'s Notice of Removal [ECF No. 1] at 4. The Montoyas have moved to remand, arguing that this Court does not have jurisdiction since plaintiff-Montoyas and defendant-Frey are Texas citizens, and that State Farm cannot pass its burden to prove improper joinder. Pls.' Mot. to Remand at 2. Mr. Frey has also filed a Motion for Judgment on the Pleadings.[3]

### III.    LEGAL STANDARDS

Defendants may remove a case from state court into an appropriate federal district court with original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over diversity actions—actions between citizens of different states that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. An action removed solely on the basis of diversity jurisdiction may not be removed if any of the defendants are citizens of the state in which the action was brought. A district court may disregard the citizenship of a nondiverse defendant who has been improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The removing party has the "heavy" burden of proving improper joinder. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995).

---

[3] The Court notes that Mr. Frey has a pending motion styled as a "Motion for Judgment on the Pleadings." He has requested relief under both Rule 12(b)(6) and 12(c):

> Defendant Frey asks the court to dismiss him from this lawsuit on two bases. First, there are no material issues of fact, and Defendant is clearly entitled to judgment on the pleadings. Second, Plaintiffs have failed to state any claim against Defendant upon which relief can be granted, and all of Plaintiffs' claims against him should be dismissed." Def.'s Mot. to Dismiss at 5.

On January 6, 2016, defendant State Farm filed a Notice of Removal with attached exhibits, including Plaintiffs' Original Petition and State Farm's Original Answer. In reviewing the records of the 37th Judicial District Court in Bexar County, Texas, this Court has determined that Mr. Frey filed an Original Answer on December 27, 2015, and a Supplemental Answer on January 5, 2016. However, neither defendant filed Mr. Frey's Original Answer or Supplemental Answer with this Court. Thus, this Court lacks all of the pleadings, and could not properly consider a judgment on the pleadings under Rule 12(c). However, because the Court has conducted a 12(b)(6) analysis in determining improper joinder, the Court will treat Mr. Frey's motion as a Motion to Dismiss solely under Rule 12(b)(6). Dockets will be updated to more accurately reflect the Court's treatment of the motion.

Improper joinder may be established by (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573. Under the second prong, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In considering whether recovery is possible, a court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).

Under Rule 12(b)(6), a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 200 (citing *Bell Atl. v. Twombly*, 550 U.S. 544 (2007)) (internal quotation marks omitted). For a claim to survive, a court must be able to draw a reasonable inference of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The facts, taken as true and construed in the light most favorable to the plaintiff, must raise the right to relief above speculation. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678. If a plaintiff has failed to state a claim upon which relief may be given, the claim will be dismissed. *Id.*

## IV.   ANALYSIS

As noted, the Montoyas have moved to remand the case to state court, citing a lack of complete diversity here, and Mr. Frey has moved to dismiss. The parties dispute whether Mr. Frey was

properly joined, *i.e.* whether there is a reasonable basis for this Court to predict that the Montoyas might be able to recover against Mr. Frey. If there is a reasonable basis, then there is no diversity and this Court has no jurisdiction. But if there is no reasonable basis, then this Court must dismiss Mr. Frey as improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210. The Court must first consider the Motion to Remand, because "as long as a nondiverse party remains joined, the only issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209.

### A. Motion to Remand

In its Notice of Removal, State Farm stated that the Montoyas had no reasonable basis to predict the Montoyas might be able to recover against Mr. Frey for violations of the Texas Insurance Code because 1) an attorney not engaged in the business of insurance is not liable under the Texas Insurance Code, and 2) the Montoyas lacked standing to bring suit in the first place because the claims were not assignable. Def.'s Notice of Removal at 6. The Montoyas argue 1) that they expressly alleged liability under the Texas Insurance Code, 2) the Code expressly includes "adjusters" as persons who might be liable under Section 541.151, and that adjusters may be liable if they fail to effectuate a prompt, fair, equitable settlement, and 3) that "standing to sue is not relevant to the issue of fraudulent joinder." Pls.' Mot. to Remand at 5-7 (citing TEX. INS. CODE § 541.060; *Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, No. 3:15-cv-293, 2015 WL 3755071, at *3 (N.D. Tex. June 16, 2015)).

### i. Mr. Frey cannot be liable as an adjuster under the Texas Insurance Code.

In their petition, the Montoyas argue that Mr. Frey is liable under Texas Insurance Code, Chapter 541. Pls.' Orig. Pet at 5 (citing violations of §§ 541.060 and 541.161). Section 541.151 allows for a private cause of action against persons who cause actual damages by engaging in

6

unfair or deceptive acts in the business of insurance. "Unfair or deceptive practices" are defined in Chapter 541, Subchapter B of the Insurance Code. Pls.' Mot. to Remand, 3-4; TEX. INS. CODE § 541.151. Specifically, the Montoyas claim that Mr. Frey violated § 541.060(a)(2), by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear . . . ." Pls.' Orig. Pet at 5; Pls.' Mot. to Remand at 5; TEX. INS. CODE § 541.060(a)(2).

State Farm argues that Mr. Frey was acting as Acosta's attorney, and not a person in the business of insurance. Def.'s Resp. [10] at 3-4. The Montoyas claim Mr. Frey was hired to "evaluate, negotiate, and finalize settlements" arising out of the Montoya-Acosta accident, and that he failed to effectuate a prompt, fair, and equitable settlement in violation of Texas Insurance Code § 541.060. Pls.' Mot. to Remand at 5-6. The Montoyas argue that Mr. Frey's role in investigating claims and negotiating settlements was analogous to an independent adjuster for State Farm, and that he was therefore engaged in the business of insurance. *Id.* Thus, according to the Montoyas, Mr. Frey's failure to settle violated § 541.060(a)(2) and "unreasonably exposed" the Acosta estate to a trial and judgment beyond the policy limits. *Id.* at 9 (quoting Pls.' Orig. Pet.).

This Court has previously dismissed claims against adjusters for violations of § 541.060(a)(2) when a defendant-adjuster does not have the authority to settle. *See McClelland v. Chubb Lloyd's Ins. Co. of Texas*, No. 5:16-cv-108, 2016 WL 5791206 (W.D. Tex. September 30, 2016) (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (W.D. Tex. 2014)); *see also Lopez. v. United Prop. & Cas. Ins. Co.*, No. 3:16-0089, 2016 WL 3671115, at *6 (S.D. Tex July 11, 2016) ("The majority of federal courts that have addressed [TEX. INS. CODE § 541.060(a)(2)] have found that this section applies only to insurers, and that it does not apply to adjusters."). Here, the Montoyas articulated no facts in their original petition that Mr. Frey himself

had the authority to finalize a settlement himself. Instead, they merely state that Mr. Frey was hired to "evaluate, negotiate, and/or finalize the multiple settlements arising out of the collision," and that "State Farm and their agent Jeff B. Frey proceeded with finalizing settlements without the knowledge of, and to the detriment of, Plaintiffs." Pls.' Orig. Pet at 2-3. Thus, the Montoyas failed to allege that Mr. Frey had the authority to settle these claims himself, and this Court need not decide whether an attorney appointed to represent an insured is analogous to an adjuster under the Texas Insurance Code. Even if he is, there is no liability under Section 541.060(a)(2) absent the authority to settle. Since Mr. Frey did not have authority to settle, there is no reasonable basis to predict the Montoyas might be able to recover against Mr. Frey for violations of Section 541.060(a)(2).

The Montoyas point to an unreported case—*Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*—for the proposition that an adjuster may be liable because he plays a role in bringing about a settlement. *See Linron,* 2015 WL 3755071, at *3 (finding plausible claims against an adjuster by construing § 571.060(a)(2)'s use of the word "effectuate," rather than a word that conveys finality, to include anyone who plays a role in bringing about a settlement). The Montoyas argue that because Mr. Frey had to investigate the claims here, he played a role in effectuating the settlement and should be liable as if he was an independent adjuster. Pls. Mot. to Remand at 6. But, as noted above, this Court and other reported cases have dismissed claims against adjusters absent allegations of the authority to settle. This Court sees no reason to read ambiguity into that law now. Further, to the extent any ambiguity exists under Texas law, the Montoyas would still have no way to recover because they lacked standing for the reasons discussed in Part IV.A.ii. Thus, even assuming an attorney *might* be liable under some violation of Chapter 541, this Court has no reasonable basis to predict these specific plaintiffs might be able to recover against Mr. Frey.

In their Motion for Remand, the Montoyas also argue that Mr. Frey might also be liable for violations of § 541.061, which prohibits misrepresenting an insurance policy. However, their original petition specifically alleged that "Defendant State Farm has also made numerous misrepresentations of its policy of insurance and has therefore violated Texas Insurance Code § 541.061." There are no factual allegations against Mr. Frey for misrepresentations of the policy; the only allegations made against him concern his role in evaluating and settling claims. The Montoyas now suggest that the single reference to State Farm in the petition is sufficient to maintain a cause of action against Mr. Frey as State Farm's agent. Pls.' Mot. to Remand at 9, n.2. But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy Rule 12(b)(6). *Iqbal*, 556 U.S. at 678; *see also Vasquez v. Wal-Mart Assoc., Inc.*, No. 3:11-CV-2739-G, 2012 WL 27155691, at *4 (N.D. Tex July 9, 2012) (finding that the plaintiff had not alleged that any untrue statements were made about the policy, and therefore could not establish a viable cause of action under Section 541.061). The conclusory statement that State Farm was liable under § 541.061 was unsupported by any factual allegations against Mr. Frey specifically. Thus, the Montoyas have not even stated a claim against Mr. Frey under § 541.061. There is no reasonable basis to predict that the Montoyas might be able to recover against Mr. Frey for those nonexistent claims.

### ii. The Montoyas have no standing to assert claims under the Texas Insurance Code or DTPA because the assignment was invalid.

In its Notice of Removal, State Farm further argues that there is no reasonable basis to predict the Montoyas might be able to recover because Montoyas lack standing in the first place because "there was never a proper assignment of any viable cause of action against [Mr. Frey]." Def.'s Notice of Removal at 5-6. State Farm claims that Acosta's assignment of any causes of action against State Farm does not include claims against Jeff Frey, and, even if it did, causes of action

under the DTPA are not assignable. *Id.* In response, the Montoyas argue that Acosta intended to assign "all claims she might have against State Farm, its employees, agents, and servants, including attorneys retained by it." Pls.' Mot. to Remand at 7. Further, the Montoyas argue, "standing to sue is *not* relevant to the issue of fraudulent joinder." Pls.' Mot. to Remand at 7.

### a. Standing is relevant to an improper joinder analysis.

The Court emphatically disagrees with plaintiffs' argument that standing is irrelevant here. The test for improper joinder is whether there is a reasonable basis for this Court to predict that the Montoyas might be able to recover against Mr. Frey. Plaintiffs admit in their original petition that standing here is based on the assigned interest: "Plaintiffs therefore have standing by way of their assignment of interest." Pls.' Orig. Pet. at 6. If the assignment was invalid, or did not include claims against Mr. Frey, the Montoyas have no standing, and there is no reasonable basis to predict they could recover.

To justify their argument that standing is irrelevant, the Montoyas point to a footnote in another unreported case—*Western States Asset Mgmt., Inc. v. AIX Specialty Ins. Co*, No. 3:13–cv–00234 2013 WL 3349514 at *1, n. 1 (N.D. Tex. July 3, 2013)—that refused to address whether a corporate-plaintiff had the right to sue. Pls.' Mot. to Remand at 7. In *Western States*, Texas and California plaintiffs sued defendants from Delaware, Texas, and Georgia. AIX, a Delaware corporation, removed the case from Texas state court, claiming diversity because the Texas defendants had been improperly joined. *Western States*, 2013 WL 3349514, at *1. AIX had also argued that one of the plaintiffs lacked the legal ability to sue, since it was not a legal entity. In a footnote, the court called the plaintiff's legal status irrelevant because, even if that plaintiff had been excluded, the presence of in-state defendants would have prevented removal. *Id.* The Court is unconvinced that the refusal of the *Western States* court to touch on the legal status of a plaintiff

is sufficient authority to render standing wholly irrelevant to the issue of improper joinder. The Fifth Circuit has articulated the test for improper joinder as whether there is a reasonable basis to predict that a plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573. If the plaintiff has no standing to sue that defendant, there is no reasonable basis to predict recovery. Thus, whether the Montoyas have standing via assigned interest to assert a claim against Mr. Frey is very much relevant to whether this Court can reasonably predict that they might be able to recover. *See Blair v. Deutsche Bank Nat. Trust Co.*, 609 Fed. Appx. 767 (5th Cir. 2015) (affirming a district court's denial of a motion to remand where the court concluded there was no reasonable basis for the court to predict recovery in part because the plaintiff lacked standing).

### b. The Montoyas lack standing here because the assignment of causes of action under the DTPA and Insurance Code was invalid.

State Farm correctly points out that the Texas Supreme Court has declared that DTPA claims generally cannot be assigned by an aggrieved consumer to someone else because the cause of action is "personal and punitive." *PPG Indus., Inc. v. JMB/Houston Ctrs. Ptrs. Ltd.*, 146 S.W.3d 79, 87 (Tex. 2004). Critically, however, federal courts have recognized the Insurance Code is similarly "personal and punitive," and have extended the *PPG* holding to bar assignment of claims under the Insurance Code. *See Great Am. Ins. Co. v. Fed. Ins. Co.*, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8 2006) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 9 (Tex. 1991). Thus, Acosta's assignment to the Montoyas *cannot* include claims under § 541.151 or the DTPA. Those purported assignments would be invalid.

As noted above, plaintiffs themselves state in their petition that their standing was based on the assigned interest from Acosta. Pls.' Orig. Pet. at 6. While State Farm and the Montoyas have argued over whether Acosta assigned claims against State Farm's employees, agents, and retained

11

attorneys, that is irrelevant here.[4] Even assuming Acosta's assignment included claims against Mr. Frey, any assignment of DTPA or Insurance Code claims were invalid. Thus, this Court refuses to address the scope of the original assignment or the validity of plaintiffs' attempt to retroactively amend or supplement that assignment.

At bottom, this case boils down to one thing. The Montoyas—standing in Acosta's shoes—sued Mr. Frey because he failed to settle with them while representing Acosta. The Montoyas' standing here is based on an assignment by Acosta. In their petition, the Montoyas only alleged claims against Mr. Frey for violations of the Insurance Code and the DTPA. Since those claims are not assignable, the Montoyas lack standing here. Thus, there is no reasonable basis to predict that the Montoyas might be able to recover against Mr. Frey for those claims.

For the reasons discussed above, the Court finds that State Farm has passed its "heavy" burden in proving improper joinder. There is no reasonable basis for this Court to predict that the Montoyas might recover against Mr. Frey for the claims brought in their original petition. Thus, Mr. Frey was improperly joined, and his Texas citizenship may be disregarded by this Court. Therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332, and may exercise removal jurisdiction under 28 U.S.C. § 1441. The Motion for Remand will be denied.

---

[4] In their Motion to Remand, plaintiffs submitted affidavits of Araceli Acosta in which she testified that her intent was to assign "any and all claims that [she] might have had had against [State Farm], its employees agents, and servants, including attorneys retained by it." *Id.* at 12. To the extent that she failed to do that, Acosta voluntarily signed a second assignment transferring her claims against "State Farm, its employees, agents, and servants, including attorneys retained by State Farm. . . ." Pls.' Mot. to Remand, Ex. 1 at p. 16. This purported assignment was signed January 19, 2016, nearly two weeks after the case was removed. Plaintiffs claim it is retroactively effective November 24, 2015. *Id.*

**B. Motion to Dismiss**

Mr. Frey has also filed a Motion to Dismiss, asking this Court to dismiss the Montoyas' claims against Mr. Frey with prejudice. However, the Fifth Circuit has recently articulated that once a court has determined that a defendant was improperly joined, it had "effectively dismissed [plaintiff's] claims against him *without* prejudice." *See Int'l Energy Ventures Mgmt*, 818 F.3d 193, 210 (5th Cir. 2016) (holding that granting an in-state defendant's motion to dismiss after finding that defendant was improperly joined was improper because it operated as an adjudication on the merits). That is so because the court's subject matter jurisdiction is based on diversity, and "a court never has jurisdiction over a nondiverse party." *Id.* at 209. "In considering whether a nondiverse party was improperly joined under *Smallwood,* the court is *only* considering jurisdiction." *Id.* Thus, an improperly joined, nondiverse party must be dismissed for lack of jurisdiction. *Id.* (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). Such a dismissal is without prejudice, and any motions by improperly joined defendants should be "denied as moot." *Id.*

As noted above, the court conducts a Rule 12(b)(6)-type analysis when determining whether a defendant was improperly joined. *Smallwood,* 385 F.3d at 572. This Court has determined that the Montoyas' claims against Mr. Frey do not survive such analysis. However, in accordance with the Fifth Circuit's recent opinion, this determination is only jurisdictional. Therefore, the Court must dismiss claims against Mr. Frey for lack of subject matter jurisdiction. Mr. Frey's motion will be denied as moot.

**C. Conclusion**

In sum, State Farm has passed its burden in showing that there is no reasonable basis for this Court to predict that the Montoyas might be able to recover against Mr. Frey, an in-state defendant.

13

Thus, Mr. Frey was improperly joined and must be dismissed. Because the only other Texas defendant will be dismissed, complete diversity exists under 28 U.S.C. § 1332, and this Court has jurisdiction under 28 U.S.C. § 1441. The Motion to Remand will be denied.

Because Mr. Frey was improperly joined, his claims are dismissed without prejudice. The Court does not have jurisdiction to rule on his Motion to Dismiss, which would be an adjudication on the merits. Therefore, his motion will be denied as moot.

A separate order shall issue.

DATE: 10/12/16

Royce C. Lamberth
United States District Judge