UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMANDA MONTOYA AND DEANDRA MONTOYA, *Individually and as Assignees and Successors in Interest of Araceli Llanas Acosta as Representative of the Estate of Andrew Acosta, Deceased* <br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br> Defendant. | Civil Case No. 16-00005 (RCL) |

## MEMORANDUM OPINION

### I. INTRODUCTION

This is a lawsuit arising out of a car accident between Andrew Acosta, who was insured by State Farm Mutual Automobile Insurance Company, and a car driven by Amanda Montoya. Plaintiffs, the Montoyas, sued State Farm on behalf of Acosta's estate for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act. Before the Court is defendant State Farm Mutual Automobile Insurance Company's motion for judgment on the pleadings, ECF No. 16. Having considered the motion, plaintiffs' response, ECF No. 17, defendant's reply, ECF No. 18, and in light of this Court's previous memorandum opinion that the Montoyas' lack standing to bring DTPA and Insurance Code claims, ECF No. 14, this Court will grant the motion and issue judgment on the pleadings.

## II. BACKGROUND

This case arises out of a straightforward car accident, but it presents a deceptively complicated posture that is set out in more detail in this Court's October 12, 2016 Memorandum Opinion, ECF No. 14. However, the Court will recite the basic facts here. On December 8, 2007, the Montoyas were injured when a car driven by Andrew Acosta, who apparently was intoxicated, collided with theirs. Mr. Acosta died. State Farm settled the claims of all victims of the accident except the Montoyas: $25,000.00 to Kristopher Ramirez, a passenger in Acosta's vehicle who also died, and amounts totaling $6,530.00 and $3,545.00 to two other victims respectively. The Montoyas refused to accept a $14,925.00 settlement offer, which was the remaining amount available within the $25,000 per person, $50,000 per occurrence limit in Acosta's policy. The Montoyas sued the Acosta estate and obtained a judgment for $542,933.67. Later, the Montoyas entered a covenant not to execute on that judgment with the Acosta estate. As part of the covenant not to execute, the Acosta estate assigned its rights against State Farm for contractual or extra-contractual claims arising out of the handling of the accident to the Montoyas.

The Montoyas then sued State Farm and Jeff Frey, the attorney representing the Acosta estate in the claim. Standing in the shoes of Andrew Acosta, the Montoyas sued State Farm and Mr. Frey for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act. The Montoyas seek to recover for themselves actual damages and mental anguish damages suffered by Acosta, as well as additional exemplary damages based on State Farm's failure to settle the Montoyas' lawsuit against Acosta within the policy limits, which supposedly exposed the Acosta estate to a trial and judgment beyond the policy limits.

Plaintiffs originally filed this suit in state court, and State Farm removed the case to federal court based on diversity jurisdiction. State Farm argued that Mr. Frey, who was a citizen of Texas like the Montoyas, should not be considered in the diversity analysis because he was improperly joined. This Court previously determined that Frey was improperly joined because he could not be held liable as a claims adjuster, and because the Montoyas lacked standing to sue for violations of the DTPA or Insurance Code. ECF No. 14. Specifically, this Court found that Texas law does not allow the assignment of claims for violations of the Texas Insurance Code or the DTPA. Thus, this Court found that the Montoyas lacked standing to assert claims against Frey because their standing was based on an invalid assignment of those causes of action. *Id.* This Court dismissed Frey from the case, but did not address the claims against State Farm.

Defendant State Farm now moves for judgment on the pleadings, seeking dismissal of the claims for breach of the duty of good faith and fair dealing, violations of the DTPA, and violations of the Insurance Code. Regarding the claim for breach of the duty of good faith and fair dealing, State Farm argues that that as a matter of law plaintiffs have failed to even allege a critical element of the *Stowers* duty: a demand for a settlement within policy limits. Mot. 6, ECF No. 16. Further, State Farm argues that the Insurance Code and DTPA claims should be dismissed because those causes of action are not assignable, citing this Court's prior memorandum opinion. Mot. 7.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan*

3

*Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The central issue is very similar to that of a 12(b)(6) motion: whether, in the light most favorable to plaintiff, the complaint states a valid claim for relief. *Id.*

A complaint must allege sufficient facts that, accepted as true, state a claim to relief that is plausible on its face. *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Similarly, under a Rule 12(c) motion, a court must accept the nonmovant's allegations as true and must view the facts alleged, and any reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Great Plains*, 313 F.3d at 312; *see also Cash v. C. I. R.*, 580 F.2d 152, 154 (5th Cir. 1978). Pleadings are therefore construed liberally, and judgment is only appropriate if the material facts are undisputed and only questions of law as to whether relief is plausible remain. *Id.*

## IV. ANALYSIS

State Farm seeks dismissal of the plaintiffs' claim for breach of the duty of good faith and fair dealing, as well as the claims for violation of the Texas Insurance Code and DTPA. The Court will analyze them separately.

### A. Breach of Good Faith and Fair Dealing

The Montoyas' complaint alleges that defendant State Farm owed the Acostas a duty of good faith and fair dealing, which was allegedly violated when State Farm "denied payment under its policy, following presentment of [the Montoyas'] claims to it." Compl. 5, ¶ 13, ECF No. 1-1. State Farm argues that Texas case law is clear that the only common law duty that an insurer owes to its insured is the *Stowers* duty to protect the insured by accepting reasonable settlement offers within policy limits. *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 776 (Tex.

4

2007) (citing *Md. Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996) (partially superseded by statute)); *see also G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved). This Court agrees.

In Texas, there is no cause of action for breach of the duty of good faith and fair dealing in the context of third-party insurance claims. *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994). There is similarly no common law tort duty to investigate or otherwise handle claims brought by a third party against its insured. *Md. Ins. Co.*, 938 S.W.2d at 28-29. There is no common law cause of action for negligent defense of a third-party claim under Texas law. An insured is protected by the *Stowers* doctrine as well as his or her contractual rights contained in the policy. *Id.* Therefore, to challenge the adequacy of an insurer's handling of a third-party claim, a plaintiff must bring either a *Stowers* claim or a breach of contract claim.[1] To the extent that plaintiffs plead a breach of the duty of good faith and fair dealing separate from a *Stowers* claim, that claim has no basis in law and will be dismissed.

To the extent that plaintiffs' good faith and fair dealing claim attempts to incorporate a *Stowers* claim, the pleadings are insufficient. First, the complaint never explicitly states a *Stowers* claim, despite it being a widely known doctrine of Texas insurance law. Second, the Texas Supreme Court has held that "[a] *Stowers* claim is not a bad faith claim." *Md. Ins. Co.*, 938 S.W.2d at 29 (citing *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 847 (Tex. 1994)). Third, the complaint never alleges facts raising the inference that a *Stowers* duty even existed here.

A *Stowers* duty is not activated unless three critical elements are met: (1) the claim against the insured is within the scope of coverage, (2) the demand is within the policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the

---

[1] Plaintiffs explicitly raised a breach of contract claim, and State Farm's motion for judgment on the pleadings does not seek dismissal of that claim. The Court does not consider that claim here.

likelihood and degree of the insured's potential exposure to an excess judgment. *Mid-Continent Ins. Co.*, 236 S.W.3d at 776 (quoting *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994)). These are strict prerequisites to a *Stowers* claim; even an otherwise reasonable demand above the policy limits does not trigger a *Stowers* duty. *Id.* Here, State Farm argues that the Montoyas have failed to allege a critical element of a *Stowers* claim: that there was a settlement demand within the policy limits. Mot. 6. To the contrary, State Farm argues that it is <u>undisputed</u> that the Montoyas <u>did not</u> make such a demand. Therefore, according to State Farm, the *Stowers* duty was never triggered, and as a matter of law State Farm owed no common law duties to Acosta.

The Montoyas attempt to construe paragraph nine of their complaint as including a *Stowers* claim:

> [D]espite having agreed to discuss and arrive at, with the assistance and the direction of the Court, an equitable apportionment of the insurance proceeds, State Farm and their [sic] agent Jeff B. Frey proceeded with finalizing settlements without the knowledge of, and to the detriment of the Plaintiffs. Said settlements included paying policy limits to the estate of one of the other passengers who was actually responsible for providing alcohol to the driver, Andrew Acosta. Such settlements were unfair, unreasonable, and unfounded. State Farm's actions in settling with culpable and less injured claimants also left [the insured] unreasonably exposed for a judgment above and beyond the policy limits.

Resp. 2, ECF No. 17 (quoting Compl. ¶ 9). Plaintiffs argue that this is a challenge to the reasonableness of State Farm's settlement with another claimant. The Montoyas cite to *Texas Farmers Ins. Co. v. Soriano*, for the proposition that a plaintiff may establish liability under *Stowers* by showing either (1) that the insured negligently rejected a demand within policy limits, or (2) that a settlement with another claimant that diminishes the remaining proceeds within the policy limits was itself unreasonable. 881 S.W.2d 312, 315 (Tex. 1994). Thus, the Montoyas argue that they have sufficiently asserted the second method of establishing *Stowers* liability, arguing

that State Farm's settlement with Ramirez was unreasonable because Ramirez was contributorily negligent.[2] Resp. 5, ¶ 12.

However, while plaintiffs have correctly identified ways in which they might establish *Stowers* liability in the context of third-party settlements, they have not alleged any fact giving rise to an inference that a *Stowers* duty actually existed in the first place. As noted, the *Stowers* duty is not triggered until there is a demand within the policy limits. *Mid-Continent Ins. Co.*, 236 S.W.3d at 776. Plaintiffs' complaint does not allege that they ever made a settlement demand within the policy limits. In fact, the Montoyas concede that they "did not make a *Stowers* demand within the policy limits." Resp. 5, ¶ 12. Therefore, plaintiffs have failed to plead a critical element triggering a *Stowers* duty. As a matter of law, they have not stated a claim for relief that is plausible. Thus, even if plaintiffs' complaint included a *Stowers* claim, their pleadings are insufficient as a matter of law.

For the reasons stated above, the Montoyas' claim for breach of duty of good faith and fair dealing will be dismissed.

### B. Violations of the DTPA and Insurance Code

This Court has previously held that plaintiffs' claims for violations of the DTPA and the Texas Insurance Code were not assignable under Texas law, and that the Montoyas lack standing to pursue the "personal and punitive" claims that Acosta may have had against his insurance provider. Memorandum Opinion, ECF No. 14 (citing *PPG Indus., Inc. v. JMB/Houston Ctrs. Ptrs. Ltd.*, 146 S.W.3d 79, 87 (Tex. 2004) and *Great Am. Ins. Co. v. Fed. Ins. Co.*, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8 2006)). Defendant State Farm seeks dismissal of the DTPA and

---

[2] Ramirez allegedly purchased the alcoholic beverages that led to Acosta's intoxication and the eventual accident.

Insurances Code claims based on this analysis. Mot. 7. Plaintiffs did not respond, and the Montoyas have raised no argument as to the validity of the DTPA or Insurance Code claims. Therefore, the Court will take State Farm's argument as conceded. For the reasons articulated in this Court's previous memorandum opinion, the Montoyas lack standing to bring claims for violations of the DTPA or Insurance Code arising from State Farm's relationship with Acosta. Those claims will be dismissed.

## V.    CONCLUSION

In sum, this Court finds that the undisputed material facts here establish that defendant State Farm is entitled to judgment on the pleadings for three causes of action raised in plaintiff Montoyas' complaint. First, plaintiffs have not alleged any fact giving rise to the inference that a *Stowers* duty existed between State Farm and Acosta because the Montoyas did not make a settlement demand within the policy limits. Second, for the reasons articulated in this Court's previous memorandum opinion, the Montoyas lack standing to raise a DTPA claim on behalf of the Acosta estate. Such claims are not assignable under Texas law. Third, the Montoyas similarly lack standing to raise violations of the Texas Insurance Code on behalf of the Acosta estate. Such claims are also unassignable.

Accordingly, the Court will grant defendant's motion for judgment on the pleadings and the three claims will be dismissed. This Court makes no determination as to the sole remaining cause of action here: breach of contract.

A separate order shall issue.

_____
Royce C. Lamberth
United States District Judge

DATE: 8/29/17